Dear Senator Jordan:
This office is in receipt of your request in which you asked that we reconsider Opinion Number 97-500, which we had previously issued, regarding the ability of the Terrebonne Parish Communications District to levy a service charge on wireless service users without holding another election.
A review of the Opinion indicates that its rationale focused on the language of LSA-R.S. 33:9106(B)(1) which states as follows:
 The governing authority of the district may, when so authorized by a vote of a majority of the persons voting within the district in accordance with law, levy an emergency telephone service charge in an amount not to exceed five percent of the tariff rate. The district governing authority may, upon its own initiative, call such a special election. Any such service charge shall have uniform application and shall be imposed throughout the entirety of the district to the greatest extent possible in conformity with availability of such service in any area of the district.
Opinion 97-500 discounted the effect of Act No. 758 of the 1997 Regular Session and overlooked discreet definitions and terms, some of which are unique to the telecommunications industry. Therefore, a reconsideration of the previous opinion is appropriate.
It is first necessary to consider the statute, LSA-R.S. 33:9101, et seq, which originally created Communications Districts which was enacted in 1983. Particularly important is the review of several pertinent definitions contained in LSA-R.S. 33:9106 which provides the funding mechanism for the emergency telephone service charges imposed by the communications districts.
LSA-R.S. 33:9106(A)(3) provides as follows:
 "Exchange access facilities" means all lines, provided by the service supplier for the provision of local exchange service, as defined in existing general subscriber services tariffs. (emphasis supplied)
Local exchange service is conventional telephone service, whether residential or business, provided by local landline telephone companies such as BellSouth. LSA-R.S. 33:9106(A)(4) provides:
 "Service supplier" means any person providing exchange telephone service to any service user throughout the parish. (emphasis supplied)
LSA-R.S. 33:9106(A)(6) states:
 "Tariff rate" means the rate or rates billed by a service supplier as stated in the service supplier's tariffs and approved by the Public Service Commission, that represent the service supplier's recurring charges for exchange access facilities, exclusive of taxes, fees, licenses, or similar charges whatsoever. (emphasis supplied)
The Louisiana Public Service Commission is the governmental authority charged with the responsibility of approving rates or tariffs charged by suppliers of local exchange service. The Federal Communications Commission regulates mobile radio service which we more commonly call wireless or cellular service. The states are specifically preempted in 47 USCA 332 D(3) from any authority "to regulate the entry of or rates charged by any commercial mobile service or any private mobile service".
In 1997, the legislature passed Act 758 which provided relative to enhancements of emergency telecommunications services and authorized the imposition of a service charge on wireless telecommunications services. The act as passed designated the statute as R.S. 33:9131.5. Pursuant to the statutory authority of the Louisiana Law Institute, the statute was redesignated as R.S.33:9131.6 and therefore all future references to it will use the current designation rather than that found in the act itself.
Once again, a review of definitions contained in LSA-R.S.33:9131.6 is required.
LSA-R.S. 33:9131.6A(3) provides:
 "Exchange access facilities" means all lines or their equivalent wireless service provided by the service supplier for the provision of local exchange service." (emphasis provided)
LSA-R.S. 33:9131.6A(5) states:
 "Service supplier" means any person providing a landline exchange telephone service or cellular telephone or telecommunications service, specialized mobile radio service, personal communications service, or any form of wireless telephone or telecommunications service now in existence and that may be provided or developed in the future provided that subscribers to such services in the district have access to and can utilize a 911 emergency telephone system." (emphasis added)
LSA-R.S. 33:9131.6A(6) defines "Service user" as:
 "any person, not otherwise exempt from taxation, who is provided a landline exchange telephone service or cellular telephone or telecommunications service, specialized mobile radio service, personal communications service, or any form of wireless telephone or telecommunications service now in existence and that may be provided or developed in the future, provided that subscribers to such services in the district have access to and can utilize a 911 emergency telephone system." (emphasis added)
It is apparent that the legislature was attempting to accomplish two things. First, it recognized that LSA-R.S. 33:9106 was not and had never been applicable to wireless phone service. Second, the legislature expressed its intent to cover future technology which will no doubt continue to come into being.
The legislature went on to impose an election requirement prior to the imposition of the service charge.
LSA-R.S. 33:9131.6B.(1) provides in pertinent part as follows:
 "The governing authority of the district may, when so authorized by a vote of a majority of the persons voting within the district in accordance with law, levy an emergency telephone service charge." (Emphasis added)
There are clear distinctions between the definitions for exchange access facilities, service suppliers and service users found in LSA-R.S. 33:9106 and those in LSA-R.S. 33:9131.6. The election held in November 1988 by the Terrebonne Parish Communications District which won voter approval for the authorization of an emergency telephone surcharge clearly applied only to traditional landline telephone service.
Accordingly, we conclude that prior to the imposition of such a surcharge on wireless or cellular service, an election must be held in accordance with the provisions of LSA-R.S. 33:9131.6 to authorize same.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ Deborah H. Baer Assistant Attorney General
DHB:jmc